IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————————————

ANITA HALL,

       Plaintiff,

vs.                                   No. CIV 97-1630 MV/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Arthur Melendres' Motion to Dismiss, filed February 13, 1998 **[Doc. No. 13]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Anita Hall was terminated from her job as a Bilingual Resource Teacher for the Albuquerque Public Schools ("APS") in 1993. In December of 1997, Plaintiff filed a fourteen-count *pro se* complaint against numerous defendants including APS, its board members, several administrators and teachers as well as Defendant Melendres, an attorney who represents Albuquerque Public Schools. Plaintiff's Complaint contains the following counts:

1. Deprivation of First Amendment rights.
2. Intentional infliction of emotional distress.
3. Deprivation of property without due process.
4. Breach of contract.
5. Interference with contractual relations.

   6.  Retaliatory discharge.
   7.  Slander and defamation.
   8.  Violation of the New Mexico Human Rights Act.
   9.  Wrongful refusal to provide accurate references.
10.  Violation of the Fifth and Fourteenth Amendments.
11.  Abuse of process.
12.  Wrongful discharge
13.  Conspiracy in violation of 18 U.S.C. § 1983.
14.  Breach of the implied covenant of good faith and fair dealing.

Counts I, II, III, X and XII are asserted against all defendants generally. Counts IV, V, VI, VII, VII, IX, XI, XII, XIV are asserted against specific defendants other than Defendant Melendres. Defendant Melendres filed the instant motion to dismiss on the grounds that he owed no duty to Plaintiff and that he was not acting under color of state law as required to assert a civil rights claim.

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California*

*State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

Plaintiff does not assert any action directly against Defendant Melendres.  She does, however, assert five causes of action against all defendants--four counts alleging civil rights violations and one count alleging intentional infliction of emotional distress.  In order to state an intentional infliction of emotional distress claim against Defendant Melendres, Plaintiff must allege the Defendant Melendres' conduct was extreme and outrageous under the circumstances and that Defendant Melendres acted intentionally or recklessly.  The New Mexico Supreme Court has characterized "extreme and outrageous conduct" as conduct which is "beyond all possible bounds of decency and [which is] regarded as atrocious, and utterly intolerable [in] a civilized community."  *Sanders v. Lutz*, 109 N.M. 193, 196 (1989)

Plaintiff's Complaint contains only two allegations specifically against Defendant Melendres.  Plaintiff alleges that Melendres was a lawyer representing Albuquerque Public Schools (Complaint at ¶ 9) and that at Plaintiff's license revocation hearing, Defendant Melendres used documents that were not provided to Plaintiff to threaten a witness (Complaint at ¶ 60). These allegations, even if assumed to be true, do not constitute "outrageous and extreme" conduct.  Furthermore, Defendant Melendres' conduct towards an adverse party in litigation can not give rise to a claim by that party.  "As a matter of public policy in order to maintain and enforce the fidelity and duty of the attorney toward the client, we cannot jeopardize the integrity

of the adversarial system by imposing a professional duty on an attorney toward an adverse party." *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M 757, 761 (1988). Plaintiff has failed to state a legally cognizable tort claim against Defendant Melendres and Count IV will be dismissed as to this Defendant.

In Counts I, III, and X, Plaintiff alleges that all Defendants violated 42 U.S.C. § 1983 by depriving Plaintiff of her First Amendment rights, taking Plaintiff's teaching license without due process of law, failing to rehire her, and destroying her reputation for honesty and loyalty. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983.

The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is "fairly attributable to the state." *Rendell-*

*Baker v. Kohn*, 457 U.S. 830, 838 (1982).  An attorney is considered a private individual for the purposes of § 1983 and a professional act by an attorney can not be considered an act done under color of state authority.  *Harley v. Oliver*, 539 F.2d 1143, 1146 n.8 (8th Cir. 1976).  Therefore, any professional acts taken by Defendant Melendres in his capacity as a private attorney representing APS do not constitute the required state action for a § 1983 claim.  Without the requisite state action, Plaintiffs' § 1983 claims against Defendant Melendres must fail.

Plaintiffs' final claim against Defendant Melendres is brought under 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of rights, privileges and immunities secured by the Constitution and laws of the United States.  Section 1985(3), however, only applies to conspiracies motivated by some racial, or other class-based, invidiously discriminatory animus.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Plaintiff's Complaint fails to allege that the conspiracy was motived by her race or any other class-based, discriminatory animus.  Plaintiff's Complaint, therefore, fails to state a claim under 42 U.S.C. § 1985(3).

**IT IS THEREFORE ORDERED** that Defendant Arthur Melendres' Motion to Dismiss, filed February 13, 1998 **[Doc. No. 13]** is **GRANTED**.  Plaintiff's Complaint is hereby dismissed against Defendant Melendres.

**IT IS SO ORDERED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE