IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANITA HALL,

        Plaintiff,

vs.                                                           No. CIV 97-1630 MV/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Albuquerque Public School's Motion to Dismiss Plaintiff's Breach of Contract Claims, filed February 2, 1998 **[Doc. No. 5]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Anita Hall was terminated from her job as a Bilingual Resource Teacher for the Albuquerque Public Schools ("APS") in 1993. In December of 1997, Plaintiff filed a fourteen-count complaint against twenty-five defendants including APS alleging, in part, that APS breached her employment contract and breached the covenant of good faith and fair dealing in discharging her. Defendant APS filed the instant motion to dismiss Plaintiff's contract claims on the grounds that they are barred by the statute of limitations.

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief.  *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).   In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

Plaintiff claims that APS breached her employment contract by "refusing to comply with [State Board of Education] regulations and by refusing to comply with the express provisions of the contract including the wrongful termination of [Plaintiff]."  Complaint at ¶ 88.  Plaintiff further claims that the reason APS discharged her "amounted to a breach of the implied covenant of good faith and fair dealing."  Complaint at ¶ 144.  Breach of the implied covenant of good faith and fair dealing in the employment context is a contract claim.  *Bourgeous v. Horizon Healthcare Corp.*,

117 N.M. 434, 439 (1994).

The statute of limitation for contractual liability against governmental entities provides:

A.  Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.

B.  Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual.

§ 37-1-23 NMSA 1978.

Plaintiff's employment with APS terminated at the end of the 1992-93 school year. Plaintiff filed her complaint on December 22, 1997--more than four years after her cause of action based on termination of the employment contract accrued.  Therefore, Plaintiff's contract claims are time barred as a matter of law and will be dismissed.

**IT IS THEREFORE ORDERED** that Albuquerque Public Schools' Motion to Dismiss Plaintiff's Contract Claims, filed February 2, 1998 **[Doc. No. 5]** is **GRANTED**.  Counts IV and XIV are hereby dismissed.

**IT IS SO ORDERED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE