IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANITA HALL,

        Plaintiff,

vs.                                                                                 No. CIV 97-1630 MV/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Albuquerque Public School's Motion for Summary Judgment on Plaintiff's Human Rights Act Claim, filed February 12, 1998 **[Doc. No. 11]**. The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

### FACTUAL BACKGROUND

The undisputed facts reveal that Plaintiff Anita Hall was terminated from her job as a Bilingual Resource Teacher for the Albuquerque Public Schools ("APS") in 1993. In May of 1995, Plaintiff applied for re-licensure with the New Mexico State Department of Education. APS recommended that Plaintiff's license not be renewed. Plaintiff's license was denied and she appealed. On March 15, 1996, the State Board of Education granted Plaintiff's application for a teaching license.

On June 17, 1996, Plaintiff filed a discrimination charge with the New Mexico Human Rights Division and the EEOC. Plaintiff's charge alleged that APS retaliated against her and

blocked the approval of her teaching license by recommending against its renewal after she complained about APS' bilingual education program.

The Commission filed a complaint against APS on Plaintiff's behalf.  On October 20, 1997, the Commission dismissed Plaintiff's complaint because it concluded that it did not have jurisdiction.  In December of 1997, Plaintiff filed a fourteen-count complaint against APS and twenty-four other defendants alleging, in part, that APS violated the New Mexico Human Rights Act, § 28-1-1 *et seq*.  NMSA 1978 (1996 Repl.), as well as purporting to appeal, pursuant to § 28-1-13, the Human Rights Commission's determination that it lacked jurisdiction over her claim.  Defendant APS filed the instant motion for summary judgment on the grounds that Plaintiff's claim is not based on a violation of the Human Rights Act.

## LEGAL STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1).  Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325.  In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Id.* at 322.

## DISCUSSION

Count VIII of Plaintiff's Complaint alleges that "APS intentionally violated the New Mexico Human Rights Act when it retaliated against [her] for [her] advocacy on behalf of language minority students."  Complaint at § 111.  The Human Rights Act ("the Act") contains its own grievance procedure and compliance with the grievance procedure is a prerequisite to bringing suit under the Act.  *Jaramillo v. J.C. Penny Co., Inc.*, 102 N.M. 272 (Ct. App. 1985).  As a consequence, Plaintiff's claims under the Human Rights Act are restricted by the allegations Plaintiff made in her administrative charge to the Human Rights Commission.

Plaintiff's charge to the Human Rights Commission alleges retaliation in violation of § 28-1-7(I).  Section 28-1-7(I) prohibits any person or employer from retaliating against one who "has opposed any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act."  § 28-1-7(I) NMSA 1978 (1996 Repl.).  Plaintiff

does not allege that she was retaliated against for filing a complaint, testifying, or otherwise participating in a proceeding under the Act.  Instead, Plaintiff alleges that APS recommended that she be denied re-certification as a teacher after she complained that APS failed to comply with federal guidelines for bilingual education.  *See* Exhibit E, attached to Defendant APS' Motion for Summary Judgment on Plaintiff's Human Rights Claims.  These allegations, even if true, do not state a claim under § 28-1-7(I) because the "discriminatory practice" Plaintiff allegedly opposed is not an "unlawful discriminatory practice" as defined by the Act.

The Act prohibits unlawful discrimination "in employment, housing, public accommodations, real estate, and the sale of goods and services based on race, age, religion, color, national origin, ancestry, sex, physical or mental handicap or serious mental condition." § 28-1-7 NMSA 1978 (1996 Repl.).  Plaintiff's complaints about the administration of APS' bilingual program do not relate to APS' employment practices.  Nor is APS involved in housing, real estate or the sell of goods and services.  Plaintiff does, however, assert that APS is a "public accommodation"within the meaning of the Human Rights Act.

The Human Rights Act defines "public accommodation" as follows:

> Any establishment that provides or offers its services, facilities, accommodations, or goods to the public, but does not include a bona fide private club or other place or establishment which is by its nature and use distinctly private  . . ..

§ 28-1-2(H) NMSA 1978 (1996 Repl.).  Traditionally, "public accommodations" include places of lodging, entertainment and eating.  *Human Rights Commission of New Mexico v. Board of Regents*, 95 N.M. 576 (1981).

The New Mexico Supreme Court, after looking at the historical and traditional meanings of the term "public accommodation," determined that the University of New Mexico, in administering its academic program, was not a "public accommodation" within the meaning of the

New Mexico Human Rights Act.  *Human Rights Commission of New Mexico v. Board of Regents*, 95 N.M. 576 (1981).  Similarly, this Court concludes that APS' administration of its bilingual education program is not a "public accommodation" within the meaning of the Human Rights Act.

Plaintiff was not opposing a practice that was unlawful under the Human Rights Act and summary judgment will be entered in APS' favor on Plaintiff's Human Rights Act claim.  It is therefore unnecessary for the Court to consider the alternative basis for APS' motion for summary judgment on this count.

**IT IS THEREFORE ORDERED** that Albuquerque Public Schools' Motion for Summary Judgment on Plaintiff's Human Rights Act Claim, filed February 12, 1998 **[Doc. No. 11]** is **GRANTED**.  Count VIII is hereby dismissed.

**IT IS SO ORDERED**.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE