IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

ANITA HALL,

       Plaintiff,

vs.                                               No. CIV 97-1630 MV/DJS

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Albuquerque Public Schools Defendants'
Motion to Dismiss Plaintiff's Tort Claims, filed February 12, 1998 **[Doc. No. 9]**.  The Court,
having considered the parties' pleadings, the relevant law, and being otherwise fully informed,
finds that the motion is well-taken and will be **GRANTED**.

### FACTUAL BACKGROUND

Plaintiff Anita Hall was terminated from her job as a Bilingual Resource Teacher for the
Albuquerque Public Schools ("APS") in 1993.  In December of 1997, Plaintiff filed a fourteen-
count *pro se* complaint naming twenty-five defendants including APS, its board members, several
administrators, teachers and other employees ("APS Defendants").  Plaintiff's Complaint alleges
several state law tort claims against the APS Defendants including:  intentional infliction of
emotional distress (Count II), interference with contractual relations (Count V), retaliatory
discharge (Count VI), slander and defamation (Count VII), wrongful refusal to provide accurate

references (Count IX)[1], abuse of process (Count XI), and wrongful discharge (Count XII).  The

APS Defendants filed the instant motion to dismiss on the grounds that Plaintiff's tort claims are

barred by the New Mexico Tort Claims Act, § 41-4-1 *et seq*. NMSA 1978 (1996 Repl.).

## LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of

facts supporting his/her claim that would entitle him/her to relief.  *H.J. Inc. v. Northwestern Bell*

*Tel. Co*., 492 U.S. 229, 249-50 (1989).   In considering a Rule 12(b)(6) motion, the court must

assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the

plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir.

1991).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow the court to assume that a plaintiff "can

prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways

that have not been alleged."  *Associated General Contractors of California, Inc. v. California*

*State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a

harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules

of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United*

*Gas Pipe Line Co*., 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*,

---

[1]  Interpreting the Compliant liberally, the Court construes Count IX, which alleges wrongful refusal to provide accurate references, as an attempt to state a tort claim.  The Court notes, however, that Count IX appears to be based on alleged retaliation in which case it is more appropriately considered part of the counts alleging retaliation and not as an independent cause of action.

792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

Section 41-4-4(A) of the New Mexico Tort Claims Act ("Tort Claims Act") provides that "a governmental entity and any public employees while acting within the scope of duty are granted immunity from liability for any tort except as waived by Section 41-4-5 through 41-4-12, NMSA 1978." § 41-4-4(A) NMSA 1978 (1996 Repl.).  Under the Tort Claims Act "scope of duties" means "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance."  § 41-4-3(G) NMSA 1978 (1996 Repl.).

The basis of Plaintiff's tort claims is actions that the APS Defendants allegedly took in the context of their employment with APS, including evaluating Plaintiff's performance, determining whether to renew her contract, making recommendations about the renewal of her teaching license, and supplying employment references.  Therefore, the APS Defendants are immune from liability for any tort unless that immunity is expressly waived by the Tort Claims Act.

The Tort Claims Act contains eight enumerated exceptions.[2]  Plaintiff does not identify in her Complaint which exception to the Act she believes applies to the APS Defendants.  Nor is it

---

[2]  The sections of the Act providing exceptions to the general immunity granted governmental entities and public employees address:

    41-4-5    Operation or maintenance of motor vehicles, aircraft and watercraft.
    41-4-6    Buildings, public parks, machinery, equipment and furnishings.
    41-4-7    Airports.
    41-4-8    Public utilities.
    41-4-9    Medical facilities.
    41-4-10  Health care providers.
    41-4-11  Highways and streets.
    41-4-12  Law enforcement officers.

apparent, construing the complaint liberally, that the acts about which Plaintiff complains fall within any of the exceptions to the Act.  The only exception that appears to even potentially cover the acts alleged by the Plaintiff is § 41-4-6, which waives immunity "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." § 41-4-6 NMSA 1978 (1996 Repl.).    Even assuming, *arguendo*, that Plaintiff's injuries arose from "unsafe, dangerous or defective" conditions at APS, Plaintiff's Complaint alleges her injuries resulted from the intentional, not negligent acts, of the APS Defendants.  The plain language of the statute and relevant case law reveal that this section waives immunity only when the alleged *negligence* of public employees results in an injury from "an unsafe, dangerous, or defective condition on property owned and operated by the government." *Calloway v. N.M. Dep't of Corrections*, 117 N.M. 636 (Ct. App. 1994); *see also Gallegos v. State*, 107 N.M. 349 (Ct. App. 1987) ("The purpose of this section is to ensure the general public's safety by requiring public employees to exercise reasonable care in maintaining and operating the physical premises owned and operated by the government.").

There is no wavier of immunity section which allows Plaintiff to proceed with her tort claims against the APS Defendants.  Furthermore, the Court notes that several of the tort claims are also barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED** that Albuquerque Public Schools Defendants' Motion to Dismiss Plaintiff's Tort Claims, filed February 12, 1998 **[Doc. No.  9]** is hereby **GRANTED**. Plaintiff's Complaint is dismissed as follows:

1. Count II is dismissed against Defendants Albuquerque Public Schools, the School Board of the Albuquerque Public Schools, Leonard J. Delayo, Jr., Henry Rodriguez, Aggie Lopez, Robert Lucero, Mary Lee Martin, Bill Rothanbargar,

Peter Horoschak, Rick Murray, Mary Ann Anderson, Nancy Lacher, Will
Sandoval, Virginia Duran Ginn, Gerald Hunt, Linda Taylor, Maria Teresa Sanchez,
Ruben Mirabal, Dr. Judith A. Keller, and Virginia Trujillo, both individually and in
their official capacities.

2.  Counts V, VI, VII, IX, XI, XII are dismissed.

**IT IS SO ORDERED**.

_____

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE