IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANITA HALL,

    Plaintiff,

vs.                                    No. CIV 97-1630DJS/WWD

ALBUQUERQUE PUBLIC SCHOOLS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Albuquerque Public Schools, School Board of the Albuquerque Public Schools, Leonard J. DeLayo, Jr., Henry Rodriguez, Aggie Lopez, Robert Lucero, Mary Lee Martin, Bill Rothanbargar, Peter Horoschak, Virginia Trujillo, individually and in her capacity as an employee of the Albuquerque Public Schools, Rick Murray, Mary Ann Anderson, Nancy Lacher, Wil Sandoval, Virginia Duran-Ginn, Gerald Hunt, Linda Taylor, Maria Theresa Sanchez, Rubin Mirabal, and Judith A. Keller's (hereinafter the "APS Defendants") Motion to Dismiss, filed June 24, 1998 **[Doc. No. 52]**.  The Court, having considered the parties' pleadings, the relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

**FACTUAL BACKGROUND**

1

Plaintiff Anita Hall was terminated from her job as a Bilingual Resource Teacher for the Albuquerque Public Schools ("APS") in 1993. In December of 1997, Plaintiff filed a fourteen-count *pro se* complaint against numerous defendants including APS, its board members, several administrators and teachers. Plaintiff's Complaint contains the following counts:

1. Deprivation of First Amendment rights.
2. Intentional infliction of emotional distress.
3. Deprivation of property without due process.
4. Breach of contract.
5. Interference with contractual relations.
6. Retaliatory discharge.
7. Slander and defamation.
8. Violation of the New Mexico Human Rights Act.
9. Wrongful refusal to provide accurate references.
10. Violation of the Fifth and Fourteenth Amendments.
11. Abuse of process.
12. Wrongful discharge
13. Conspiracy in violation of 18 U.S.C. § 1983.
14. Breach of the implied covenant of good faith and fair dealing.

In their instant motion, the APS Defendants seek to have the Court dismiss Plaintiff's thirteenth cause of action against them on the grounds that the cause of action fails to state a claim upon which relief can be granted.

**LEGAL STANDARD**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief.

2

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989).  In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the.... laws in ways that have not been alleged."  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

Plaintiff's thirteenth cause of action is brought under 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of rights, privileges and immunities secured by the Constitution and laws of

3

the United States.  Section 1985(3), however, only applies to conspiracies motivated by some racial, or other class-based, invidiously discriminatory animus.  *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Plaintiff's Complaint fails to allege that the conspiracy was motved by her race or any other class-based, discriminatory animus.  Plaintiff's Complaint, therefore, fails to state a claim under 42 U.S.C. § 1985(3).

**IT IS THEREFORE ORDERED** that Defendants Albuquerque Public Schools, School Board of the Albuquerque Public Schools, Leonard J. DeLayo, Jr., Henry Rodriguez, Aggie Lopez, Robert Lucero, Mary Lee Martin, Bill Rothanbargar, Peter Horoschak, Virginia Trujillo, individually and in her capacity as an employee of the Albuquerque Public Schools, Rick Murray, Mary Ann Anderson, Nancy Lacher, Wil Sandoval, Virginia Duran-Ginn, Gerald Hunt, Linda Taylor, Maria Theresa Sanchez, Rubin Mirabal, and Judith A. Keller's Motion to Dismiss, filed June 24, 1998 **[Doc. No. 52]** is **GRANTED**.  Count XIII of Plaintiff's Complaint is hereby dismissed against these Defendants.

**IT IS SO ORDERED.**

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE